STATE OF NEBRASKA V. STANDARD OIL COMPANY.

FILED DECEMBER 5, 1900. No. 11,074.

1. **Anti-Trust Law:** NATURE OF ACTION UNDER. The action provided for in section 4 of the "Anti-trust law" (Compiled Statutes, 1899, ch. 91*a*), to prohibit foreign corporations from doing business in this state, in contravention of our laws, is a civil action both in substance and form.

2. ——: QUO WARRANTO: INJUNCTION. A foreign corporation, by reason of having done one or more of the criminal acts mentioned in section 2 of the "Anti-trust law" (Compiled Statutes, 1899, ch. 91*a*), may, by injunction or quo warranto, be excluded from the state.

3. **Statutory Construction.** In construing an act of the legislature all reasonable doubts must be resolved in favor of its constitutionality.

4. **Anti-Trust Law:** DECLARATORY OF COMMON LAW. Sections 3 and 4

State v. Standard Oil Co.

of the "Anti-trust law" (Compiled Statutes, 1899, ch. 91*a*), pro-viding for ousting corporations by civil action from the exer-cise of powers and privileges which have been abused, is declara-tory of the common law.

5. **Foreign Corporations: Right: Comity: Revocation.** Foreign cor-porations do business here not by right, but by comity, and the state may, at pleasure, revoke the privilege which it has granted such corporations.

6. ———: **Revocation of Privilege: Penalty.** The revocation of the privilege given a foreign corporation to do business here is not the infliction of a penalty.

7. ———: **Evidence: Requisition.** A foreign corporation doing busi-ness in violation of the "Anti-trust law" (Compiled Statutes, 1899, ch. 91*a*), may be required, under section 394 of the Code of Civil Procedure, to furnish evidence against itself in an action brought to exclude it from the state.

Original proceeding in injunction. Application for an order requiring the defendant to allow the attorney general to inspect and copy its books and records to ob-tain evidence to maintain the allegations of the petition herein. *Motion sustained.*

*Constantine J. Smyth, Attorney General,* for the state:

This action is civil and not criminal in its nature. *Mitchell v. State,* 12 Nebr., 538. If the court should reach the conclusion that this is a criminal action, it would have the effect of practically annulling the law. Then we could not subpœna the defendant to come into court to produce evidence against himself or itself, as the case might be. He could stand upon his constitutional rights, and effectively bar every avenue leading to the discovery of the truth. In a word, it would be practically impos-sible to prove that the defendant was a trust, or con-nected with one, within the meaning of the anti-trust law. This is precisely what was held in *Boyd v. United States,* 116 U. S., 616.

The constitution confers original jurisdiction on the supreme court of all civil cases to which the state is a party and this jurisdiction can not be limited or extended by the legislature. If the above proposition be true, then

the supreme court has jurisdiction of this case, if it be a civil suit, even though it be a special proceeding, or even though the legislature attempted to confer original jurisdiction on some other tribunal.    In a word, the legislature can not take away from the jurisdiction of the supreme court, or in any way affect the jurisdiction conferred upon it by the constitution.    This, we think, is amply sustained by the reasoning of the following two cases: *Miller v. Wheeler*, 33 Nebr., 765; *State v. Hall*, 47 Nebr., 579.    It is true that in those cases the question was whether or not the legislature could enlarge the jurisdiction of the supreme court.    But we apprehend that the reasoning by which the court in those cases reached the conclusion that the legislature may not increase the court's original jurisdiction, sustains the converse proposition, that the legislature may not decrease that jurisdiction as conferred by the constitution.    Apart from authority it seems to us that it must be fundamental, that the legislature can not take away that which the constitution confers.

*Alfred D. Eddy, John M. Thurston, McCoy & Olmsted* and *Woolworth & McHugh*, contra:

The act under which this proceeding is brought is a penal statute, which makes a violation of its provisions a crime by specifically designating such violation as a misdemeanor.    The test to determine whether a statute is penal is to inquire whether its main purpose is to give compensation for an injury, or to punish a wrongdoer.    *Adams v. Fitchburg R. Co.*, 67 Vt., 76; *Woolverton v. Taylor*, 132 Ill., 197.

This is not a civil case to which the state 's a party, but a criminal case, for the reason that this ·eeding is brought under a statute to visit upon the ·fendant a punishment provided for criminal acts.    *Maloney v. American Tobacco Co.*, 72 Fed. Rep., 801; *Boyd v. United States*, 116 U. S., 616; *Lees v. United States*, 150 U. S., 476; *State v. Chicago, B. & Q. R. Co.*, 37 Fed. Rep., 497; *Wis-*

*consin v. Pelican Ins. Co.*, 127 U. S., 265; *Thurston v. Clark*, 107 Cal., 285; Rapalje & Lawrence, Law Dictionary, p. 21; Burrell, Law Dictionary, p. 294.

In an action, civil in form, brought to enforce a penalty or forfeiture as a punishment for an act which is made criminal, the constitutional immunities under which a person can not be compelled to testify against himself and is protected from unreasonable service and search prohibit the court from ordering the defendant to submit his books and papers for inspection. *Thurston v. Clark, supra; Boyd v. United States, supra.* These immunities extend to corporations. *Smyth v. Ames,* 169 U. S., 466, 522, and authorities therein cited.

Even if the case were civil, defendant could not be compelled to furnish evidence which would have a tendency to expose it to a penal liability. *United States v. National Lead Co.,* 75 Fed. Rep., 94; *Currier v. Concord Railroad Corporation,* 48 N. H., 221; Greenleaf, Evidence, sec. 451.

SULLIVAN, J.

This is an original action instituted by the plaintiff ⟩ prevent the Standard Oil Company, an Indiana corporation, from continuing to do business in this state. The question now before us for decision arises on the attorney general's application for an order requiring the defendant to permit him to inspect and copy its books and records for the purpose of obtaining evidence to sustain the averments of the petition. Section 394 of the Code of Civil Procedure, under which the motion is made, provides: "Either party or his attorney may demand of the adverse party an inspection and copy, or permission to take a copy of a book, paper, or document in his possession or under his control, containing evidence relating to the merits of the action or defense therein. Such demand shall be in writing, specifying the book, paper, or document with sufficient particularity to enable the other party to distinguish it, and if compliance with the

demand within four days be refused, the court or judge, on motion and notice to the adverse party, may in their discretion order the adverse party to give the other, within a specified time, an inspection and copy, or permission to take a copy of such book, paper, or document; and on failure to comply with such order, the court may exclude the paper or document from being given in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume it to be such, as the party by affidavit alleges it to be. This section is not to be construed to prevent a party from compelling another to produce any book, paper, or document when he is examined as a witness." The motion is resisted on the ground that the purpose of the action is to enforce a penalty or forfeiture, and that to grant the order would be to require the defendant to furnish evidence against itself in a criminal case. We are of opinion that the action is in substance, as well as in form, a civil controversy, and that the motion may be granted without violating that provision of the constitution which declares: "No person shall be compelled, in any criminal case, to give evidence against himself." Constitution, art. 1, sec. 12. The petition charges that the defendant has violated the "Anti-trust law" (Compiled Statutes, 1899, ch. 91a), and asks that it be, for that reason, enjoined from further prosecuting its business here. The first section of the act in question defines a trust; the second characterizes as misdemeanors and conspiracies against trade, all acts by any person or persons carrying on, or creating or attempting to create a trust, and provides punishment for the commission of such acts. The third section declares that any domestic corporation which has violated the statute shall forfeit its charter, and may be ousted from its franchises by quo warranto. The fourth section, so far as material to the present inquiry, is as follows: "Every foreign corporation or person not a resident of this state, violating any of the provisions of this act, is **hereby denied the right and prohibited from doing any**