[No. 24027. Department One. December 9, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. RALPH L. STANLEY, *Appellant.*[1]

*W. H. Abel* and *Geo. D. Abel,* for appellant.

*Paul O. Manley,* for respondent.

TOLMAN, C. J.—Appellant, charged with the crime of rape, was found guilty by a jury, and from a judgment and sentence on the verdict he has appealed.

In part, the errors assigned are based upon what is claimed to have been improper cross-examination of the wife of the appellant, who was a witness in his behalf; the refusal to strike the answers thus elicited; and the receiving of rebuttal testimony tending to im-

[1]Reported in 16 P. (2d) 817.

peach the witness upon the matters improperly brought out by the cross-examination referred to, which it is claimed were collateral to the issue.

The witness, among other things, on direct examination, testified to what the complaining witness had said to her, but did not testify to anything said by the appellant or give any testimony in the nature of denial, excuse, justification or explanation on his part.

On cross-examination, the following occurred:

"Q. How many conversations did you have with Mrs. Laurent about the occurrence of the night of September 16th? A. I was over there that night. Q. Yes. And did you have any other ones? A. Yes, I did, the next morning. Q. What was your object in going over the next morning? A. To see if she would tell the same story she did the night before. Q. What conversation did you have there? A. She told me she was not raped. Q. Mrs. Adams was there then? A. Yes, sir. Q. Was she there when you got there? A. Yes, sir. Q. Isn't it a fact that when you came in there that morning and in the presence of Mrs. Adams and Mrs. Laurent you said: 'Ralph sent me over to ask you to forgive him for last night?' A. No, sir. Q. And isn't it also a fact that Mrs. Laurent answered you: 'Why didn't he come himself?' A. No, sir. Q. What was said while they were there? Mr. Abel: Just a minute. We object to that on the ground that it is not cross-examination. Mr. Manley: Withdraw the question. Mr. Abel: And we move to strike all of it as not cross-examination. The matter wasn't gone into. Mr. Manley: Just a moment. The other part of that question and answer are for the purpose of impeachment of this witness, and they are proper for that purpose. Mr. Abel: It is a collateral matter. The Court: The motion will be denied. Mr. Abel: Exception. And may it appear that I stepped into the clerk's office a moment to hand an order to the clerk and that those two or three questions were propounded in my absence and I was not aware that they were traveling outside the scope of direct examination when they started. Mr. Manley: And might the record also show

that the co-counsel . . . was present. THE COURT: Yes, the record may so show.''

It seems plain that this was improper cross-examination, not only as inquiring into matters not touched upon by the examination in chief, but also, when the rebuttal testimony to the effect that the witness had made the statements embodied in the questions is considered, there seems to be enough to permit the jury to find that the wife, by her statements to the prosecuting witness, had made admissions tending to establish her husband's guilt. This goes far beyond the impeachment of the witness, and to support it would sanction a practice which might result in much evil.

It is a general rule that declarations or admissions against interest by an agent may not be shown except when they are within the scope of the agency as established by the evidence in the case. *Tacoma & Eastern Lumber Co. v. Field & Co.*, 100 Wash. 79, 170 Pac. 360. And equally is it true that the admissions of the agent are not admissible to prove agency. *Auwarter v. Kroll*, 89 Wash. 347, 154 Pac. 438.

While the objections came somewhat late, they came in time to advise the court of the danger impending, and the motion to strike should have been granted. If that had been done, of course there would have been no ground for the admission of the prejudicial rebuttal testimony of which complaint is made.

Error is assigned also upon the refusal to give a requested instruction upon the included offenses of attempted rape and assault. Our reading of the evidence convinces us that there was testimony from which the jury might have found the appellant not guilty of rape, but guilty of an included offense, and we think the record is such as to warrant the giving of such an instruction; but we are unable to find that

432

any exceptions were taken to the refusal to give it, and therefore we are not now privileged to pass upon the question raised by this assignment.

Because of error in refusing to strike out the improper cross-examination and in admitting prejudicial evidence in rebuttal thereof, the judgment must be reversed.

Reversed with directions to grant a new trial.

PARKER, MITCHELL, and HOLCOMB, JJ., concur.