[No. 24788.   *En Banc.*   June 2, 1937.]

THE STATE OF WASHINGTON, *on the Relation of G. W. Hamilton, Attorney General, Appellant,* v. STANDARD OIL COMPANY OF CALIFORNIA *et al., Respondents.*[1]

[1]Reported in 68 P. (2d) 1031.

*The Attorney General* and *William H. Pemberton, Special Assistant,* for appellant.

*Hulbert, Helsell & Bettens, Glenn J. Fairbrook, Stratton, Leader, Little & Stratton, Hyland, Elvidge & Alvord, Allen, Froude & Hilen, Bogle, Bogle & Gates, Eggerman & Rosling, Meier & Meagher,* and *Grosscup, Morrow & Ambler,* for respondents.

MAIN, J.—This is an action in the nature of *quo warranto*, brought by the state on the relation of the attorney general. The respondents were eighteen corporations authorized to do business in this state. The complaint charges conspiracy, in violation of Rem. Rev. Stat., § 2382 [P. C. § 8783], in that respondents had unlawfully conspired to fix prices, prevent competition, and drive independent dealers out of the gasoline business. The prayer of the complaint asked that the respondents be ousted of their franchises and authority to do business in this state; that a receiver be appointed, and their properties be disposed of. The respondents answered separately, denying, generally and specifically, all of the material allegations of the complaint. On the issues of fact thus made, there was presented to the trial court for determination the question of whether the evidence established the charge that the respondents had been guilty of a conspiracy as alleged. The trial was to the court without a jury, and resulted in findings from which it was concluded that the charges had not been sustained. From the judgment dismissing the action, the state appealed.

The primary question presented for determination is whether the evidence sustains the charge of conspiracy as alleged.

It is true, as contended by the appellant, that, in order to show a combination or conspiracy, it is not necessary that there be direct testimony, but such combination or conspiracy may be inferred from the things actually done. *Eastern States Retail Lumber Dealers' Ass'n v. United States*, 234 U. S. 600, 34 S. Ct. 951. It is also true that it is not necessary that a conspiracy be directed against a particular person, but it may be charged as an intended wrong against a class of persons or the general public without more

specific designation. *State v. Mardesich,* 79 Wash. 204, 140 Pac. 573.

It is the rule that evidence which, in the opinion of the court, is sufficient to establish *prima facie* the existence of a conspiracy must first be presented before proof can be received of the acts and declarations of the individual conspirators as affecting others than those whose acts and declarations are proved. *State v. McGonigle,* 144 Wash. 252, 258 Pac. 16.

Declarations and admissions against interest by an agent may not be shown except when they are within the scope of the agency, as established by the evidence in the case. *Tacoma & Eastern Lumber Co. v. Field & Co.,* 100 Wash. 79, 170 Pac. 360; *State v. Stanley,* 170 Wash. 429, 16 P. (2d) 817.

It is established that a trader may buy from whom he pleases and sell to whom he pleases, and, if he refuses to sell, his reason for doing so is not material. *Great Atlantic & Pacific Tea Co. v. Cream of Wheat Co.,* 227 Fed. 46; *Powell v. Graham,* 183 Wash. 452, 48 P. (2d) 952. The fixing of retail prices by contract between a manufacturer and his retailers is not contrary to law if the price fixed is reasonable. *Fisher Flouring Mills Co. v. Swanson,* 76 Wash. 649, 137 Pac. 144, 51 L. R. A. (N. S.) 522; *State v. Scollard,* 126 Wash. 335, 218 Pac. 224, 32 L. R. A. 1082. The fact that competitors may see fit, in the exercise of their own judgment, to follow the prices of another does not establish any suppression of competition or show any sinister domination. *United States v. International Harvester Co.,* 274 U. S. 693, 47 S. Ct. 748.

The evidence in this case must be weighed and considered in the light of the principles above stated. The trial in the superior court was a long one; the record is voluminous. To review the evidence in any comprehensive manner would extend this opinion be-

yond all reasonable length, and would not be advantageous to anyone. We have read the record and given consideration to the testimony and the exhibits, and we find that there is no substantial evidence to sustain the charge of conspiracy, and that the trial court correctly dismissed the action.

There are a number of assignments of error based upon the rulings of the trial court during the progress of the trial, and these will be now considered.

■ In this connection, it is first claimed that the court erred in refusing to require the respondents to comply with a blanket demand for the production of documents. When this demand was presented, the state had in its possession copies of certain of the documents which were covered by the demand, and the court ruled that, if the demand was not complied with as to those, copies would be introduced. To have complied with the balance of the demand, would have involved the production of thousands of documents which could not possibly have any bearing upon the case. The respondents offered the state the opportunity to inspect everything covered by the demand, and further offered assistance where those documents were stored and an opportunity to make copies desired. This offer was refused, and the court declined to require their production. The ruling is sustained by Rem. Rev. Stat., § 1262 [P. C. § 7771], where it is provided that the court in which an action is pending may, upon notice, order an inspection, or permission to make a copy, of documents relating to the merits of the action.

■ It is next contended that the court erred in refusing the appellant's demand for the issuance of bench warrants. Certain witnesses had been subpoenaed, who resided within the state, but outside of Thurston county, where the action was being tried,

and more than twenty miles from the place of trial. Whether the refusal to issue the bench warrants was error, depends upon whether the action was criminal in its nature or civil. The law is that an action in the nature of *quo warranto,* which is the character of this action, is a civil remedy, and not criminal. *State .v. Standard Oil Co.,* 61 Neb. 28, 84 N. W. 413, 87 Am. St. 449; *State ex rel. Dunbar v. American University of Sanipractic,* 140 Wash. 625, 250 Pac. 52. The appellant, however, says that, since the statute referred to does not specially mention the state, it does not apply thereto. The rule that the state is not bound unless expressly named in the statute does not apply to acts of legislation which prescribe general rules of procedure in civil actions. 25 R. C. L. 785; *People v. Kings County Dev. Co.,* 48 Cal. App. 72, 191 Pac. 1004; *United States v. Railroad Co.,* 105 U. S. 263. The court did not err in refusing to issue the bench warrants.

It is next contended that the court's refusal to grant a continuance, in order that the depositions of witnesses who did not respond to the subpoena might be taken, is error. The question of a continuance rested in the discretion of the trial court and will not be disturbed upon appeal except in the case of abuse. When this motion for a continuance was made, the case had been on trial for two or three weeks, and the appellant was charged with notice that the action was civil in its nature, and the witnesses who resided outside of the county, and more than twenty miles from the place of trial, were not required to respond to a subpoena. The appellant, subsequent to the time the action was instituted and prior to the time of making the motion for a continuance, had ample time to take the depositions of the witnesses had it desired to do so.

■ It is further claimed that the court erred in a number of its rulings in rejecting testimony and exhibits offered. Without going into detail as to these rulings, it may be said that in none of them do we find any substantial error. It might also be added that, had the evidence been competent and material, and been received, it would not have changed, in our view, the result of the action.

There are some other assignments of error which we have considered, but they are not of sufficient moment to justify more than the statement that they have been considered and found non-substantial.

The judgment will be affirmed.

STEINERT, C. J., BLAKE, HOLCOMB, BEALS, TOLMAN, and MILLARD, JJ., concur.

[1]Reported in 68 P. (2d) 1027.