[No. 29103. Department One. August 12, 1943.]

THE STATE OF WASHINGTON on the Relation of Peter Thomas Walton et al., Plaintiff, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, Ralph C. Bell, Judge, et al., Respondents.[1]

[1]Reported in 140 P. (2d) 554.

*Frank L. Cooper* and *Thomas G. McCrea,* for relators.

*McMicken, Rupp & Schweppe* and *Bernard Reiter,* for respondents.

JEFFERS, J.—This action was instituted by United States Plywood Corporation, a corporation, against Wallace Falls Timber Company, a corporation, and Snohomish county, to condemn a private way of necessity for a logging road, under the provisions of Rem. Rev. Stat. (Sup.), § 936-1 [P. C. § 7658] *et seq.,* over land, the record title to which stood in the name of Wallace Falls Timber Company, a domestic corporation. The purpose of the condemnation proceeding was to enable the petitioner to acquire an easement for a period of three years for the purpose of removing timber from the southeast quarter of section 30, township 27 north, range 10 E. W. M., which it is alleged the petitioner owned. Notice of the condemnation proceeding was served upon Clyde Walton, president of Wallace Falls Timber Company, in all respects in accordance with Rem. Rev. Stat., § 922 [P. C. § 7647].

The matter came on for hearing May 12, 1943, before the court, for the purpose of obtaining an order of necessity. At this time, Peter Thomas Walton and Nancy Janes Walton, his wife, appeared and filed in the cause a motion supported by an affidavit, asking that they be made parties to the proceeding, for the reason that they were the owners of the land sought to be condemned. It was admitted that while the property sought to be acquired did in fact stand in the name of Wallace Falls Timber Company, that company had intended to convey the property to Peter Thomas Walton and wife, but that the deed whereby such conveyance was attempted to be made erroneously de-

scribed the land as being in "north range 9 E. W. M.," whereas the tract was in north range 10 E. W. M. No objection was made to this motion, and it was by the court granted.

Peter Walton and wife then filed a motion asking that the hearing be continued to enable them to obtain evidence to present properly the matters here involved.

In view of the fact that the United States Plywood Corporation and Peter Walton and wife are the real parties in interest in both the original condemnation proceeding and this certiorari proceeding, we shall hereinafter refer to the former as respondent and to Walton and wife as relators.

The motion was contested, respondent objecting to any continuance, arguing that the timber which it desired to remove was vital to the war effort; that it had not been apprised that a continuance would be asked; that its witnesses were present in court or on the way; and that it was through no fault of respondent that the record did not show Peter Thomas Walton to be the owner of the land in question. Respondent further argued that in no event should a continuance be granted without the imposition of terms.

After considerable argument between court and counsel, the court announced that the matter would be continued to May 17th, upon the condition that, in the event there was an order of necessity entered on that day, the parties immediately proceed to a determination of the damages to be paid by respondent. A further condition was imposed relative to immediate possession in case a jury demand was made.

Counsel for relators refused to accept the continuance on the terms imposed, and stated that they would go to trial. The hearing then proceeded, respondent calling some six witnesses, relators calling two witnesses besides Peter Walton himself. On May 21, 1943, the court made and entered its order adjudicating that the property sought to be condemned was re-

quired and necessary for the purpose for which the proceeding was brought.

Relators have filed in this court their application for a writ of certiorari, asking for a review of the order entered. Upon the filing of the application and supporting affidavit, this court issued an alternative writ directed to Judge Ralph C. Bell, requiring him to certify a transcript of the record and proceedings had by him in the matter, or appear and show cause why he should not do so. All of the records and proceedings have been sent to this court and are now before us, and we shall proceed to determine the cause on the merits.

We shall refer to the assignments of error and the evidence material to a discussion thereof as we proceed with the opinion.

There is a great deal of testimony in the record relative to another route, referred to as the "Usatilla road," which it was contended before the trial court was available to respondent. However, counsel for relators, in his oral argument, stated that relators were making no contention as to the right of respondent to bring this action, nor were they making any contention relative to such alternative route.

■ Error is assigned on the refusal of the trial court to grant relators a continuance. It is the settled law of this state that the granting of a continuance is a matter resting within the sound discretion of the trial court, and that the court's refusal to grant a continuance will not be reviewed except for abuse of that discretion. *Nye v. Manley,* 69 Wash. 631, 125 Pac. 1009, and cases therein cited. The foregoing rule has been consistently followed in this state. See *State ex rel. Hamilton v. Standard Oil Co.,* 190 Wash. 496, 68 P. (2d) 1031.

■ The affidavit in support of the motion for a continuance was made by Peter Thomas Walton, the owner of the property sought to be condemned. It is stated

in this affidavit that the action was not called to his attention until Friday, May 7th; that he was not informed of the details of the case until Monday, May 10th, when the matter was explained to him by his attorney, who, incidentally, had been the attorney for Wallace Falls Timber Company. The affidavit further states that affiant was unable to prepare his evidence to set forth properly his opposition to the petition in the short time available to him, as it involved considerable evidence regarding contour of the country, condition of the ground, and many other details.

Relators did not see fit to accept the continuance with the terms imposed by the trial court, but went to trial. In view of the fact that the trial court was willing to continue the case, with the imposition of terms which we do not think unreasonable, under the circumstances, and in view of the refusal of relators to accept the continuance with the terms imposed, and in view of other facts appearing in the record, we are not prepared to say that the trial court abused its discretion in refusing to grant a continuance without the imposition of terms. In any event, we are satisfied relators were not prejudiced by the action of the trial court, as it appears from the testimony of Peter Thomas Walton that he is a lumberman and logger, and had worked in the woods since 1921; that he graduated from the University of Washington, college of forestry, department of logging engineering, and had practiced his profession since that time.

A topographical map of a portion of the area here in question was handed to Mr. Walton and identified as having been made by him in about 1932. The witness testified he was familiar with the location of the proposed road, and had been over it. He was then asked if he could draw in on the map substantially where the proposed road would run, and he answered, "I think fairly close." He then described the course of the proposed road, and further testified that he was

very familiar with the territory. He also testified to the general contour of the land over which the proposed road would go, and the general character of the soil.

In addition to his own testimony, Mr. Walton produced at the hearing a surveyor and timber cruiser by the name of Sam Hayward, who was familiar with the general topography of the area involved, and who had gone over the proposed route, and one Bob Carroll, an experienced log buyer who was experienced in looking over logging chances and logging roads. In other words, the record does not indicate that relators were in any way unprepared to meet the issues presented at the hearing on May 12th.

It is next contended by relators that the petition for condemnation did not state a cause of action, in that the description of the land sought to be taken was not sufficiently definite.

■ Relators, apparently anticipating that respondent would object to this court's considering the above question, for the reason that it had not been presented to or considered by the trial court, cite Rem. Rev. Stat., § 263 [P. C. § 8350], as authority for raising this question for the first time in this court. The cited section provides:

"If no objection [to the complaint] be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior or supreme court."

Respondent first contends that relators cannot object to the sufficiency of the petition, on the ground stated, for the first time in this court. The record does not show that relators, in the lower court, moved against the petition, either by way of demurrer or mo-

tion to make definite and certain, or in any manner objected to the sufficiency of the description of the land sought to be condemned.

In construing Rem. Comp. Stat., § 263, which is the same as Rem. Rev. Stat., § 263, we have made a distinction between a situation where the insufficiency of the complaint cannot be cured and a claimed insufficiency which can be cured by amendment. The statement that an objection to the jurisdiction of the court, or that the complaint does not state facts sufficient to constitute a cause of action, may be made at any time, whether in the superior court or in this court, is so often made that we desire to call attention to what was said in the case of *Hamilton v. Johnson*, 137 Wash. 92, 241 Pac. 672:

"The appellants assign error on the refusal of the court to sustain their challenge to the sufficiency of the complaint. This question was raised for the first time after issue had been joined, and after the cause had been called for trial by an objection to the introduction of evidence. The objection came too late. The code provides (Rem. Comp. Stat., § 263) that, if no objection to the complaint be taken, either by demurrer or answer,

" ' . . . the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be raised at any stage of the proceedings, either in the superior or supreme court.'

"This statute has been upon the statute books substantially in its present form since the first session of the territorial legislature of 1854. See Laws of 1854, p. 139. The first of these objections, that the court has no jurisdiction, is still in full force and effect, but it neither adds to nor restricts the powers of the court. A judgment entered without jurisdiction is a nullity, and no court, whether it be the court of original or of appellate jurisdiction, will continue an action or proceeding where it is made to appear to it that it is without jurisdiction.

"The second of the provisions has been much modified and limited by subsequent statutes. Those most pertinent of these are the statutes relating to amendments of pleadings. Now a party may amend his pleadings, when attacked in the superior' court, almost as a matter of course; and this court, in considering an appealed cause, is admonished to disregard all technicalities, and 'consider all amendments which could have been made as made.' It is, of course, at once apparent that, if the provision of the statute under consideration is to be given its apparent literal meaning—if, in other words, a complaint may be searched for any sort of defect at any stage of the proceedings—the benefit of the provision of these amendatory statutes will, in many instances, be denied the litigant. It is undoubtedly still the rule that, *if the complaint shows upon its face that the plaintiff has no cause of action and under no circumstances can have a cause of action, the court will stay the action at the earliest time the matter is brought to its attention.* But technical defects, *or defects that can be cured by amendment,* can avail the objector only in the case he raises the objection either by motion or demurrer before he enters upon the trial [citing cases]." (Italics ours.)

■ The statutes relative to the procedure under which this condemnation was brought do not seem to contemplate that any pleading is necessary on the part of the owner of the land sought to be condemned, and because of this it might be argued that the position of such an owner is different from that of a defendant in the ordinary civil case. However, the statutes certainly do not prohibit such an owner from appearing and moving against the petition. This being true, there would seem to be much logic to the argument that, where the only objection to the sufficiency of the petition in a condemnation proceeding is that the description of the property sought to be acquired is not sufficiently definite, which description, if determined by the trial court to be indefinite, could be cured by amendment, it is incumbent upon such owner to make

the objection and raise the question in the trial court, or be considered to have waived it.

We can see no reason why the rule last above announced should not apply in a condemnation case to the owner of the land sought to be condemned, where he appears in the action in person and by counsel, and raises no question before the trial court as to the sufficiency of the petition, but thereafter and in this court for the first time raises the question that the petition does not state a cause of action because the land sought to be taken is not sufficiently described.

In the cases hereinafter cited, we have considered the question of whether or not the petition was insufficient to sustain a condemnation, because of the claim that the property sought to be appropriated was not described with reasonable certainty, but in each of these cases the question was raised in the lower court by motion to make the petition definite and certain. See *State ex rel. Patterson v. Superior Court,* 102 Wash. 331, 173 Pac. 186; *State ex rel. Chelan Electric Co. v. Superior Court,* 142 Wash. 270, 253 Pac. 115, 58 A. L. R. 779; and *State ex rel. Woodruff v. Superior Court,* 145 Wash. 129, 259 Pac. 379.

Undoubtedly this claimed defect, if held to be a defect, could have been cured by amendment, if objection had been made before the trial court. However, we are satisfied in this case that the description of the property was sufficiently definite to comply with the statute. The description contained in the petition is as follows:

"An easement or right of way for a period of three years from the time of the taking thereof, for the construction and maintenance and use of a logging road 30 feet in width, together with the right to make any and all necessary cuts and fills as the contour of the lands may require, over, along and across the eighty-acre tract embracing the northwest quarter of the northeast quarter (NW¼ of NE¼) and the northeast quarter of the northwest quarter (NE¼ of NW¼), sec-

tion 30, township 27 north, range 10 E. W. M., Snohomish county, Washington, which road will enter upon the above described lands at the point where the center line of said section 30 bisects the northerly boundary thereof and proceeding thence in a general southerly direction following said center line so far as the contour and topography of said lands will permit, a distance of approximately 1400 feet to the southerly boundary of said eighty-acre tract."

Rem. Rev. Stat., § 921 [P. C. § 7646], requires that the land sought to be appropriated be described with reasonable certainty.

As appears from the testimony of H. G. Crowley, the engineer who selected the route of and surveyed the proposed road in the instant case, the land of relators over which the road will go is all logged-off land, and is not used at the present time for anything. It is rough, wild, steep, sidehill land. On cross-examination by counsel for relators, Mr. Crowley was asked the following question:

"Q. Then is the line marked clearly on the ground? A. Yes, the stakes are marked with the station numbers on them, and center. I always mark center."

The description in the petition was apparently definite enough to enable Mr. Walton to go over the proposed road, for, as stated, he testified as to the contour of the land crossed and the character of the soil. When asked if he could draw on a map presented to him where the proposed road runs, Mr. Walton answered, "I think fairly close." When it is considered that the course of the proposed road, as described in the petition, enters relators' land where the center line of section 30 bisects the northerly boundary thereof, and proceeds thence in a southerly direction following the center line so far as the topography of the land will permit, and when it is also considered that the distance across this eighty acres, if level, would be 1,320 feet, or approximately so, and that the distance according to the description is approximately 1,400 feet, it is apparent

that the road follows pretty closely the center line above referred to. We are satisfied the description contained in the petition meets the requirement of § 921, *supra*. The purpose of the requirement is, of course, to inform the owner as to what property petitioner is seeking to appropriate.

There does not seem to be any question but that the description of the land sought to be taken was sufficiently described in the petition and marked on the ground to enable relators to follow the line of the proposed road, but relators' claim that the description is insufficient seems to be based on the contention that the land sought to be taken is not described with engineering accuracy; that is, we assume, by metes and bounds, or courses. We are satisfied that in such a case the petition is not vulnerable to attack other than by a demand to have the land described with more particularity. See *State ex rel. Chelan Electric Co. v. Superior Court*, 142 Wash. 270, 253 Pac. 115. In the cited case, we stated:

"The second contention that the description of the property sought to be condemned is insufficient was raised in the trial court at appropriate times by objection to the jurisdiction, and also through motions to make more definite and certain. An investigation of the notice shows the property is described by courses technical in their wording, and evidently prepared by a civil engineer versed in such matters. They may not be as full and sufficient as respondents desire, but we think them not so insufficient as to deprive the court of jurisdiction. Whatever defects they contain can well be cured upon demand. The trial court did not pass upon the motion to make more definite and certain, and deferred ruling thereon. We must assume that it will grant the motion, if the showing requires it."

See, also, *State ex rel. Woodruff v. Superior Court*, 145 Wash. 129, 259 Pac. 379.

It also seems to us that, from the wording of the statute, some discretion must be vested in the trial court to determine in the particular case whether or

not the land to be appropriated is described with reasonable certainty. The statute provides no specific yardstick to follow.

██ It is also contended by relators that the court erred in permitting oral evidence by respondent of ownership of the land upon which the timber is located, the removal of which necessitates the construction of the proposed road.

We are unable to agree with this contention. The principal question to be decided in this condemnation proceeding is whether or not a way of necessity is reasonably necessary over the land sought to be appropriated for the purpose of reaching respondent's land upon which the timber which respondent desires to remove is located. In our opinion, the question of the ownership of the land to be served is a collateral question, in which case such ownership may be proved by parol evidence. We stated in *Littlefield v. Bowen,* 90 Wash. 286, 155 Pac. 1053, Ann. Cas. 1918B, 177:

"As to the other ground of the objection, it is, of course, a general rule that, when the title to real estate is directly in issue, the best evidence of title consists in the muniments of title such as deeds, mortgages, patents, wills, etc.; but when the title to real property is not directly in issue, or where only a *prima facie* showing of title is necessary, the rule as to best evidence does not apply and ownership may be proven by parol. 12 Ency. Evidence, 544."

██ While the above contentions, based upon assigned error, were the only contentions stressed by relators on oral argument, relators do, in their brief, assign error on the court's allowance of a trial amendment to the petition.

The description in the petition is for an easement for a logging road thirty feet in width, together with the right to make any and all necessary cuts and fills. The trial court indicated that in his opinion, under this description, respondent was limited to a right of way thirty feet in width, and that any cuts and fills

made must be within the thirty feet. Thereafter respondent asked to amend the petition by changing the words "together with the right to make all necessary cuts and fills," appearing in paragraph two of the petition, to read, "and in addition thereto the right to take such additional land as may be necessary to make cuts and fills." The court permitted the amendment to be made. Without discussing the question of whether or not there is, in fact, any difference between the meaning of the words in the petition and those contained in the amendment, we are clearly of the opinion no prejudice could or did result to relators by allowing the amendment to be made. The trial court clearly acted within the discretion vested in it in allowing such amendment to be made.

For the reasons herein assigned, the order of the trial court is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.

September 27, 1943. Petition for rehearing denied.