[No. 35068. Department One. December 10, 1959.]

GRAHAM GRIFFITHS *et al., Appellants,* v. BIG BEAR STORES, INC., *Respondent.*[1]

[1]Reported in 347 P. (2d) 532.

*James J. Keesling,* for appellants.

*Brethorst, Fowler, Bateman, Reed & McClure* and *Frank W. Payne,* for respondent.

HUNTER, J.—This is an action for damages for injuries alleged to have been sustained when the plaintiff slipped and fell on the floor of defendant's store.

On Saturday, September 1, 1956, at about 5:50 p.m., plaintiff Katey Griffiths was shopping in defendant's supermarket at Roosevelt Way and east 50th street in Seattle, Washington. She was proceeding down the second aisle and had reached a point near the end when she slipped and fell sustaining the injuries for which this action was instituted. The plaintiffs, husband and wife, hereafter referred to in the singular, alleged in their complaint that Mrs. Griffiths slipped and fell as a result of defendant's negligent mopping of the floor, leaving it in a dangerously wet and slippery condition, which was denied in defendant's answer.

The case was tried before a jury and, by the instructions

given, the issue of defendant's negligent mopping was taken from the jury and was, instead, submitted on the theory that plaintiff fell by reason of a foreign substance on the floor. The plaintiff's complaint was deemed to be amended to conform with the proof for this purpose.

The jury returned a verdict in the amount of ten thousand dollars for the plaintiff. Defendant moved for a judgment n.o.v. and in the alternative for a new trial. The trial court granted the motion for judgment n.o.v. and also granted a motion for a new trial, contingent upon the judgment n.o.v. being reversed on appeal. Plaintiff appeals.

Appellant assigns error first, to the finding of the trial court that the evidence was insufficient to support the jury's verdict on the theory that the appellant fell by reason of a foreign substance on the floor of which the respondent had notice.

■ Appellant contends the evidence establishes the following: That this was a busy day in the store when the floor traffic was heavy, and a reasonable inference could be drawn that oil, which dripped from parked cars, had accumulated on the surface of the parking lot and would be tracked into the store; that aisle one, along the vegetable counter, was next to the aisle in which the appellant fell; that water dripped from wet produce handled by customers and accumulated on the floor of aisle one, and this accumulation was added to by wet leaves occasionally falling on the floor; that just prior to the accident, aisle one had been mopped and occasionally customers, who could not be stopped, would walk through the mopped area. From this evidence, appellant concludes, the jury could infer that water would be tracked during the day and during the mopping from aisle one into aisle two, which alone or in combination with oil tracked from the parking lot caused the dangerous condition which should have been known by the respondent; that it was on this accumulated foreign substance that the appellant fell. We agree with the trial court. There is a complete absence in the record of any evidence that oil or water or any foreign substance was, *in fact, tracked into the area in which appellant fell,* or

that respondent had any *notice* of such dangerous condition. The inference which appellant contends should be drawn would be nothing more than speculation.

The appellant further contends the court erred in taking from the jury the issue of negligence by reason of the respondent's mopping. The evidence supporting appellant's theory on this issue is based upon appellant's testimony.

Appellant testified she was rendered unconscious by the fall and upon regaining consciousness someone raised her to a sitting position on the floor. After a few minutes she was helped up and assisted to a box made available for her. She sat on the box for about ten minutes, feeling nauseated, dizzy and faint. While sitting there a man introduced himself as the manager, giving his name as Mr. Gilmartin; that she inquired of the manager as to why she had fallen. We quote the following excerpts from appellant's testimony:

"A. So I stepped over to this area where I had slipped, because I was most concerned, and I put my hand on the floor and it was slippery and slimey, just like a thick oily base, a greasy oily base, and I turned around and I said, 'Well, no wonder, with your floor in this condition, that I would slip and fall.' [Interrupted by objection interposed.]

" . . .

"A. Well, the manager said the boy had just mopped that area and it hadn't dried."

Further, on cross-examination:

"Q. You are not absolutely certain that these are the exact words of the manager, are you? A. I am positive. Q. Didn't he tell you in passing that the produce aisle might have been mopped? A. He didn't say anything about the produce aisle. He just merely mentioned to what I referred to when I said, 'No wonder I slipped when the floor was so oily and slippery.' He answered me in that manner. Those were his words; that the boy just mopped *the area where I was laying on the floor* and it hadn't dried." (Italics ours.)

The respondent argues that this testimony could not be considered because an agent cannot bind his principal by admissions unless such admissions are made by the agent

while acting within the scope of his authority, citing *McMurdo v. Southern Union Gas Co.*, 56 N. M. 672, 248 P. (2d) 668 (1952); *Moran Bros. Co. v. Snoqualmie Falls Power Co.*, 29 Wash. 292, 69 Pac. 759 (1902); and that the burden of establishing the authority of an agent rests upon the one who asserts it. *Olsson v. Hansen,* 50 Wn. (2d) 199, 310 P. (2d) 251 (1957).

It is clearly the general rule in this jurisdiction that declarations and admissions against interest by an agent may not be shown except when they are within the scope of the agency, as established by the evidence in the case. *Tacoma & Eastern Lbr. Co. v. Field & Co.*, 100 Wash. 79, 170 Pac. 360 (1918); *State v. Stanley,* 170 Wash. 429, 16 P. (2d) 817 (1932); *State ex rel. Hamilton v. Standard Oil Co. of California,* 190 Wash. 496, 68 P. (2d) 1031 (1937). However, the existence and extent of the agency need not be established by direct evidence. *Smith v. Leber,* 34 Wn. (2d) 611, 209 P. (2d) 297 (1949).

The record now before us establishes that Gilmartin was the manager of respondent's supermarket. It is an inescapable inference that the manager of a retail establishment of this type is authorized to speak to customers. The record also contains evidence that customers were directed to avoid aisle one because it had been recently mopped. This was one of the primary duties of the respondent's agents in exercising care to avoid injuries to customers of the store which, at times, required them to inform people of conditions such as wet floors. We are therefore satisfied the record sufficiently establishes that it was within the scope of Gilmartin's authority to speak generally to customers and also to make the specific statements made to the appellant.

The statements of the manager could also be shown because they were part of the *res gestae,* and were therefore properly before the jury under the *res gestae* rule as set forth in *Beck v. Dye,* 200 Wash. 1, 92 P. (2d) 1113, 127 A. L. R. 1022 (1939). See, also, *Robbins v. Greene,* 43 Wn. (2d) 315, 261 P. (2d) 83 (1953).

The respondent further argues that the asserted statements of the manager are insufficient to sustain the verdict under the rule that evidence of verbal declarations of the adverse party, in the absence of corroborating facts or circumstances, is not sufficient to sustain a verdict of a jury on a vital issue, citing *Dodge v. Stencil,* 48 Wn. (2d) 619, 296 P. (2d) 312 (1956). We considered this rule in *Kennett v. Federici,* 200 Wash. 156, 93 P. (2d) 333 (1939). There we said:

"Appellant proceeds upon the rule, well established in this state, that evidence of verbal declarations of the adverse party, where there are no corroborating facts or circumstances, is not sufficient to sustain a verdict of a jury upon a vital issue. *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165; *Jones v. Harris,* 122 Wash. 69, 210 Pac. 22; *Low v. Colby,* 137 Wash. 476, 243 Pac. 18, 247 Pac. 475; *Commercial Importing Co. v. Wear,* 180 Wash. 669, 41 P. (2d) 777.

"In each of those cases, however, the alleged declarant denied that he had made the statement attributed to him. In this case, the woman declarant did not deny making the statement. She merely testified that she had no recollection whatever concerning it or the transaction with which it was connected.

"Evidence of the admission of a material fact by an adverse party or by his agent acting within the scope of his authority, *if undenied when full opportunity for denial is afforded, constitutes substantial evidence of such fact.*

"In the case of *Wiard v. Market Operating Corp.,* 178 Wash. 265, 34 P. (2d) 875, it appeared that the plaintiff, a woman, had slipped on a greasy spot on the floor of a restaurant, thereby sustaining severe injuries. At the trial of the case, the plaintiff testified that, immediately following the accident, the lady in charge of the restaurant made certain verbal admissions showing actual notice to her of the condition of the floor. Upon that phase of the case, we pointed out certain distinguishing features between it and other cases and said:

" 'Furthermore, the persons to whom the admissions were attributed in the *Ludberg* and *Jones* cases took the stand and denied making them. Here Miss Malloy took the stand, but did not deny making the statements attributed to her by appellant. Under the circumstances disclosed by this record, we think the evidence of her statements, undenied

as they were, constitutes substantial proof of constructive notice to respondent of the presence of the spot of grease on the floor. We know of no more convincing proof of a fact than evidence of its admission, when the person to whom the admission is attributed, having the opportunity, fails to deny it.'

"Upon the authority of the *Wiard* case, we conclude that the alleged statement by the woman employee, undenied by her, taken in connection with the other facts and circumstances shown by the evidence, was sufficient to take the case to the jury, under proper instructions by the court." (Italics ours.)

Also, see, *Colford v. Kiso,* 51 Wn. (2d) 640, 320 P. (2d) 1077 (1958).

 In the case before us there was opportunity for denial by the manager, however the respondent did not call him to do so; as a consequence the statement, attributed to the manager by the appellant, constitutes substantial evidence of the fact that the floor, in the area where appellant fell, had been mopped by respondent's agents. This evidence, in conjunction with the other facts and circumstances presented by the record, constituted sufficient evidence to submit the case to the jury on the theory of negligent mopping. The trial court therefore erred in taking from the jury the issue of respondent's negligence on this theory.

██ Respondent argues that appellant was bound by the testimony of a Mr. Gegner, a former employee of the respondent, called as appellant's witness; that this testimony was inconsistent with the admission of the manager. We disagree. Mr. Gegner did testify that he and an assistant mopped aisle one in front of the vegetable counter shortly prior to the appellant's fall, but that he was responsible only for mopping the aisle in front of the vegetable counter. He did not state that aisle two was not being mopped by someone else at the same time.

The above disposition of this appeal makes it unnecessary to discuss appellant's remaining assignments of error.

There being insufficient evidence to support a verdict grounded on the theory upon which the case was submitted

to the jury, the verdict cannot be reinstated and a new trial must be granted. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

March 9, 1960. Petition for rehearing denied.

