[No. 34351. Department One. January 30, 1958.]

KENNETH WILLIAM COLFORD, *Respondent*, v. E. F. KISO *et al.*, *Appellants*.[1]

*C. A. Schneider*, for appellants.

*Montgomery, Montgomery & Purdue* and *John D. Blankinship*, for respondent.

OTT, J.—October 26, 1954, Kenneth W. Colford purchased from E. F. Kiso and wife a multiple-family residence which had previously been so converted from a single-family dwelling. Shortly after Colford took possession, he was notified by authorities of the city of Seattle that the premises did not have a multiple-family building permit, and was directed to comply with the ordinance, if its use as a multiple-family unit was to be continued. After Colford's demand and Kiso's refusal to alter the building to comply with the city ordinance, Colford caused the alterations to be made and brought this action to recover for his loss resulting from Kiso's allegedly fraudulent representations.

Colford's amended complaint alleged that Kiso had fraudulently represented the property to be income property, and

[1]Reported in 320 P. (2d) 1077.

had failed to disclose that the premises did not have a multiple-family building permit or to inform him that to comply with the ordinance would require substantial alterations.

The answer denied the allegations of fraud. The cause was tried to the court, and, from a judgment entered in favor of Colford, Kiso has appealed.

Appellants' principal assignment of error relates to the court's finding of fact No. 5, which reads as follows:

"That prior to the sale the defendant made only a single casual reference to the plaintiff concerning the situation herein involved and such reference was so casual and indirect that it did not attract the notice or attention of the plaintiff. Under the circumstances here presented, the plaintiff relied on the defendant's representation knowingly made of the material fact that the property was income property and the defendant intended that the plaintiff so rely. The plaintiff, being ignorant of the falsity, and under the circumstances of the case, had a right to rely thereon and had no notice sufficient to put him on inquiry."

We are here concerned solely with the question of whether or not the record supports the court's finding that the respondent "had no notice sufficient to put him on inquiry."

On direct examination, appellant Kiso testified in part as follows:

"Q. Now will you tell us any conversations you recollect as you were going down to the building? A. Well, the only conversation was general conversation except on the way over I told him that the premises did not have a permit from the building department, and that he would have to secure one, that I had made two attempts and presented blueprints each time to get a permit, and they were returned to me as not approved. Q. And what did he say in response to that? A. He answered that 'Well, I am a Mason and I have connections down at the City Hall and I think I'll get along with it all right.' "

■ This testimony of the disclosure that the premises did not have a city permit was not denied by the respondent. Colford's testimony was that he did not recall the conversation. A failure to recollect is not a denial. We have stated

the rule, in cases involving similar circumstances, as follows:

"We know of no more convincing proof of a fact than evidence of its admission, when the person to whom the admission is attributed, having the opportunity, fails to deny it." *Wiard v. Market Operating Corp.*, 178 Wash. 265, 271, 34 P. (2d) 875 (1934).

And, again, in *Kennett v. Federici*, 200 Wash. 156, 161, 93 P. (2d) 333 (1939), we said:

"In this case, the woman declarant did not deny making the statement. She merely testified that she had no recollection whatever concerning it or the transaction with which it was connected.

"Evidence of the admission of a material fact by an adverse party or by his agent acting within the scope of his authority, if undenied when full opportunity for denial is afforded, constitutes substantial evidence of such fact."

The trial court, in its memorandum opinion, observed that "Both of these parties are honest and sincere." That the trial court believed the testimony of Mr. Kiso is evidenced by that part of the court's finding of fact No. 5 which is to the effect that a disclosure was made.

Applying the rule announced in the cited cases, there was substantial, unchallenged proof establishing notice to Colford of the following salient facts:

(1) The premises offered for sale did not have a city multiple-family building permit.

(2) If the respondent Colford purchased the premises, it would be necessary for him to secure a permit.

(3) Notice to Colford that the necessary alterations would be substantial was established by appellant's statement that, on two occasions, he had presented blueprints to the city authorities in an effort to obtain a permit, and, on both occasions, the suggested alterations, intended as compliance with the ordinance, were not approved.

(4) Respondent understood the statements which were made to him, as evidenced by his reply that he had " 'connections down at the City Hall,' " and that he would " 'get along with it all right.' "

We have not overlooked the testimony of respondent Colford, on direct examination, that he first learned "that there were difficulties with the building department" on January 5, 1955, after he had taken possession. This testimony is consistent with his position that he did not recall the disclosure which had been made on September 29, 1954, as indicated above, and does not constitute a denial thereof.

█ Fraud by concealment must be established by evidence which is clear, cogent, and convincing. *Lincoln v. Keene, ante* p. 171, 316 P. (2d) 899 (1957), and cases cited. The record discloses that the respondent did not meet this burden of proof. Where, as here, the only substantial evidence in the record is that notice of the defect was given to and acknowledged by the respondent, we must conclude that the evidence preponderates against the trial court's finding that fraud by concealment was proved.

For the reasons stated, the judgment is reversed.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.

April 30, 1958. Petition for rehearing denied.