[No. 36064.    Department One.    November 29, 1962.]

THE CITY OF SEATTLE, *Respondent,* v. JOHN K. SHIELDS, *Appellant.** 

H. *Opendack,* for appellant.

A. C. *Van Soelen* and *Robert B. Leslie,* for respondent.

PER CURIAM.—The chronology of this criminal appeal is set forth in order to illustrate an abuse of the appellate process.

Prior to September 23, 1960, defendant was convicted in municipal court. The charge against him is not in the record before us. On that day the transcript from municipal court was filed in the Superior Court for King County. September 26, the case was noted, and, on November 18 set for trial on February 28, 1961.

February 23, 1961, trial was continued to March 30, on which day it was again continued.

May 17, 1961, a superior court jury found defendant (a) guilty of operating a motor vehicle while under the influence of intoxicating liquor, and (b) guilty of negligent driving.

*Reported in 376 P. (2d) 535.

For driving while under the influence of intoxicating liquor, the court sentenced defendant to pay a fine of $300 and to serve 60 days in the city jail with 30 days suspended on condition he surrender his operator's permit for one year to the Director of Licenses. For negligent driving, the court sentenced defendant to pay a fine of $150.

May 19, 1961, defendant gave written notice of appeal to this court. The trial court fixed bond in the sum of $3,-000. Bail bond on appeal was filed May 20, 1961.

After approximately eight months in the superior court, the scene shifted to this court where it has been for almost a year and a half. May 25, 1961, certified copies of the judgment and sentence, notice of appeal, and criminal appearance docket were filed with the clerk of this court. This constitutes the entire record before us. A statement of facts has not been filed.

Since nothing further was done by defendant's counsel, the appeal was subject to dismissal for want of prosecution on November 5, 1961. Rule on Appeal 46 (11), RCW Vol. 0. (We note this was exactly one year *prior* to oral argument in this court.) Pursuant to the rule, counsel were notified that the appeal was noted for dismissal on the next motion day of this court, January 26, 1962. On request of defense counsel, the case was continued to motion day February 9, and again continued to motion day March 9, 1962, when a notation-order was entered upon our motion docket, stating:

"Unless appellant's brief is on file on March 25, 1962, the appeal will be dismissed on the motion without hearing." (Motion Docket 11, p. 275)

March 26, 1962, counsel for defendant served and filed in this court a five-page typewritten brief. Upon request made three days later, permission to file a typewritten brief was granted, although defendant was not appealing in forma pauperis.

By stipulation of counsel, three extensions of time in

which to file its brief were granted to the Corporation Counsel's office.

August 20, 1962, the clerk of this court advised defense counsel

". . . that appellant is not entitled to proceed unless the fee required by RCW 2.32.070 is paid or unless he has been authorized to proceed in forma pauperis in accordance with Rule 47 on Appeal. Neither of these conditions has been fulfilled. . . ."

October 26, 1962, counsel was again notified:

"The Chief Justice has directed that the above appeals be stricken unless there is compliance with the rules regarding payment of filing fees."

November 2, 1962, three days before oral argument was set in this court, the $5 filing fee was paid.

Had the appellate procedure provided in Rule on Appeal 46, RCW Vol. 0, been followed, and had this court not been so lenient in granting requested continuances and extensions of time in which to file briefs, oral argument on appeal could have been heard by us at the end of the September, 1961 term of court (Rule on Appeal 11; RCW Vol. 0) instead of the September, 1962 term.

■ This court is always mindful that a criminal defendant is entitled to due process of law; but this does not entitle him to use the dilatory tactics we have outlined.

"Oral argument," in the instant case, is a misnomer. The case was finally set for argument and called November 5, 1962; defense counsel announced in open court that he submitted the case upon his written brief.

Defendant makes two assignments of error in his brief:

"1. The court erred in not declaring the Municipal Court Act unconstitutional in denying the right to jury trial.

"2. The court erred in failing to declare the Negligent Driving Ordinance section unconstitutional."

Respondent moved to dismiss the appeal on the grounds

". . . there is no statement of facts and thus no affirmative showing in the record that these questions were presented to the trial court as required by Rules [on Appeal] 17 and 46; . . ."

862

The motion was noted for argument at the time "the cause is assigned upon the calendar."

■ Respondent's motion has merit. It has long been held that a question not raised in the trial court will not be considered on appeal. *State v. Long,* 58 Wn. (2d) 830, 365 P. (2d) 31 (1961); *Kane v. Smith,* 56 Wn. (2d) 799, 355 P. (2d) 827 (1960). Since defendant has not provided us with a statement of facts, there is no showing that these questions were presented to the trial court. Accordingly, we cannot consider them.

The motion to dismiss the appeal is granted and the clerk of court is directed to send down the remittitur forthwith. Rule Peculiar to Business of Supreme Court 15, RCW Vol. 0.

It is so ordered.