[No. 37278. Department One. February 18, 1965.]

THOMAS J. WILLIAMS, *Respondent*, v. LAVERN E. JOSLIN *et al.*, *Appellants.*\*

\*Reported in 399 P. (2d) 308.

*Black, Christensen & Nielsen,* by *Andrew T. Nielsen* and *Bryce Black,* for appellants.

*Smith, Lindell, Krutch, Carr & Poliak* (*Horton Smith, Rocky V. Lindell,* and *Richard F. Krutch,* of counsel), for respondent.

ROSELLINI, C. J.—The sellers of a parcel of real estate appeal from a judgment of the trial court rescinding the contract. The court found that the buyer had been induced to purchase the property by fraudulent representations of the sellers concerning the income which they had derived from the property during their ownership of it. There was no finding, and no contention, that the property was worth less than the amount which the buyer had agreed to pay for it.

The appellants maintain that there is no clear, cogent, and convincing evidence to support the trial court's finding of fraud. It is well settled, of course, that such evidence must be produced if fraud is to be established, and the evidence must show the following elements:

(1) A representation of an existing fact;
(2) Its materiality;
(3) Its falsity;
(4) The speaker's knowledge of its falsity;
(5) His intent that it shall be acted upon by the person to whom it is made;
(6) Ignorance of its falsity on the part of the person to whom the representation is addressed;
(7) The latter's reliance on the truth of the representation;
(8) His right to rely upon it; and
(9) His consequent damage.

*Michielli v. U. S. Mortgage Co.,* 58 Wn. (2d) 221, 361 P. (2d) 758.

It is first urged that the evidence conclusively showed that no misrepresentation of fact was made. The respondent testified that the appellants, who were real estate agents, told him that the motel property grossed over $1,000 every

two months. He did not deny their testimony that they showed him the deposit slips covering their period of ownership, and the trial court found in its memorandum decision that these evidences of receipts had been exhibited to him at his request. They showed that the business grossed less than $400 per month. However, the trial court was entitled to believe, as it evidently did, that the oral representation had been made, even though it was not borne out by the written evidence which was exhibited to the respondent.

However, we think the appellants are correct in their contention that the evidence did not support a finding that the respondent relied upon the representation. The rule is that such reliance must be reasonable under the circumstances, that is, a party may not be heard to say that he relied upon a representation when he had no right to do so. *Puget Sound Nat. Bank v. McMahon*, 53 Wn. (2d) 51, 330 P. (2d) 559. We said in that case, quoting from 23 Am. Jur. 948:

" 'The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him.' "

The parties to this action dealt at arms length; the appellant asked to be shown the record of receipts and was shown them, and they revealed that the oral representation was false. Since the evidence of the actual receipts was before the respondent, he had no right to rely upon any oral representation that contradicted it.

The trial court attached great significance to the fact that the respondent was not shown the record of expenditures. However, there was uncontradicted testimony that the appellants offered to secure these records from their accountant and show them to the respondent at his convenience, but he did not make a further request to see them before the transaction was consummated. Furthermore, these records, while they might have presented an auspicious picture of net income, would not have shown less gross income than the deposit slips showed, and it

was only gross income which the respondent claimed had been misrepresented. All of the evidence points to his lack of interest in the operating expenses. In describing the representation which he claimed was made to him, he said:

" . . . they . . . told us in their past experience that the property would make $300.00 over the payment of the $250.00, so that led me to think that I could possibly make a living there."

A witness who had been the manager of the property during the time it was owned by the appellants testified that the respondent had told her he was not interested in past expenses of the motel and that he intended to "make a killing" during the World's Fair. He did not deny that he had made these statements.

█ Where statements are attributed to a person, and that person takes the stand and testifies but does not deny making the statements attributed to him, such failure to deny affords convincing proof that the statements were made. *Wiard v. Market Operating Corp.*, 178 Wash. 265, 34 P. (2d) 875.

█ Failure to deny an admission, after opportunity to do so, is convincing proof of the fact admitted; and a failure to recollect is not a denial. *Colford v. Kiso*, 51 Wn. (2d) 640, 320 P. (2d) 1077. *Griffiths v. Big Bear Stores*, 55 Wn. (2d) 243, 347 P. (2d) 532.

Assuming, however, that the trial court was entitled to disbelieve this witness, we are nevertheless convinced that the record does not contain evidence sufficient to support the finding that the respondent relied upon statements of the appellants regarding income of the property, and consequently the trial court erred in holding that the purchase was induced by their fraud.

The appellants cross-complained in this action, asking forfeiture of the contract. Their right to such relief was contraverted by the respondent, but because of the disposition which the trial court made of the respondent's case, it did not rule on this matter. Therefore, the cause

700

must be remanded for such action as the trial court deems proper on the cross-complaint.

The judgment is reversed and the cause remanded.

HILL, OTT, HUNTER, and HALE, JJ., concur.

---

April 22, 1965. Petition for rehearing denied.

\*Reported in 399 P. (2d) 338.