[No. 37397.   Department Two.   May 6, 1965.]

HOUSEHOLD FINANCE CORPORATION OF SEATTLE, *Appellant*, v. HARVEY E. WILLIAMS *et al.*, *Respondents.*\*

*Alexander Wiley*, for appellant.

*Clark R. Belknap*, for respondent.

OTT, J.—Household Finance Corporation of Seattle sought judgment on a promissory note executed by Harvey E. Williams and Verna Williams, his wife.  Verna

\*Reported in 401 P.2d 876.

Williams defaulted. Harvey E. Williams alleged that his obligation on the note was discharged in a bankruptcy proceeding.

From the evidence presented at the trial, the court found that Harvey E. Williams' obligation on the note was discharged by the bankruptcy proceeding. The court's findings in this regard are as follows:

Finding of Fact No. 3: In order to obtain the loan which was the consideration for said note, defendants represented in writing that their total indebtedness, in addition to debts on real estate, did not exceed $2,274.41. Said representation was false, and known to defendant Verna Williams to be false, in that said Verna Williams was then indebted, in addition to debts on real estate, in a total sum in excess of $3,300.00.

Finding of Fact No. 4: When said representation was made, defendant *Harvey E. Williams did not know that it was false* as he had not inquired of Verna Williams, his wife, as to the amount of her indebtedness. (Italics ours.)

From the judgment of dismissal as to Harvey E. Williams, the plaintiff has appealed.

Appellant contends that, although respondent was subsequently discharged in bankruptcy, respondent's liability on the note was not discharged because of the applicable provisions of the Bankruptcy Act, which provides in part:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by *false pretenses* or *false representations*, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially *false statement* in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, . . . . 11 U.S.C.A. § 35, as amended July 12, 1960, 74 Stat. 409. (Italics ours.)

The burden of proof is upon a creditor to establish that a debt is within the class excepted from a discharge in bankruptcy. *Zerega Distrib. Co. v. Gough*, 52

Wn.2d 443, 445, 325 P.2d 894 (1958), and case cited. The portion of § 35 of the Bankruptcy Act upon which appellant relies is predicated upon the creditor's establishing that the borrower obtained an extension or renewal of credit "in reliance upon a materially false statement in writing respecting his financial condition." The words "materially false statement" have been equated with fraud. *American Nat'l Bank of Denver v. Rainquet,* 323 F.2d 881 (1963); 17 A.L.R.2d 1208. Fraud must be proved by evidence which is clear, cogent, and convincing. *Williams v. Joslin,* 65 Wn.2d 696, 399 P.2d 308 (1965). The essential elements of fraud are:

(1) A representation of an existing fact;
(2) Its materiality;
(3) Its falsity;
(4) *The speaker's knowledge of its falsity;*
(5) His intent that it shall be acted upon by the person to whom it is made;
(6) Ignorance of its falsity on the part of the person to whom the representation is addressed;
(7) The latter's reliance on the truth of the representation;
(8) His right to rely upon it; and
(9) His consequent damage. *Williams v. Joslin, supra.* (Italics ours.)

Accord, *Michielli v. United States Mortgage Co.,* 58 Wn.2d 221, 361 P.2d 758 (1961); *Haagen v. Landeis,* 56 Wn.2d 289, 352 P.2d 636 (1960); *Zerega Distrib. Co. v. Gough, supra.*

The only record in this appeal consists of a transcript of the court's findings of fact, conclusions of law, and judgment of dismissal. There is no statement of facts. Our review is limited to whether the court's findings of fact support its conclusions of law and judgment of dismissal.

The court found that the $3,300 indebtedness was the separate debt of Verna Williams, and that Harvey E. Williams had no knowledge of it. There is nothing in the record before us that challenges the court's finding of fact that one of the essential elements of fraud was not established.

In *Viking Equip. Co. v. Minneapolis-Moline Co.*, 61 Wn.2d 755, 380 P.2d 469 (1963), the trial judge found that one of the essential elements of fraud had not been proved by clear, cogent, and convincing evidence. We said, p. 759:

Our reading of the record convinces us that the court was not in error in making its findings on this point. *The plaintiff having failed to prove its allegations of fraud, its complaint should have been dismissed.* (Italics ours.)

Applying the rule of the above-cited case, the court's finding of fact that one of the elements of fraud had not been proved supports its conclusion of law and judgment that the cause should be dismissed as to Harvey E. Williams.

Appellant now asserts that the evidence presented to the trial court would sustain a factual determination that respondent made a reckless statement, without knowledge of its truth and as a positive assertion, which was tantamount to a fraudulent representation with intent to deceive; hence, the trial court erred in holding that the obligation was dischargeable in bankruptcy. *Zerega Distrib. Co. v. Gough, supra; American Nat'l Bank of Denver v. Rainquet, supra;* 8 Remington on Bankruptcy § 3320, p. 178 (1955 ed.).

Assuming, arguendo, that respondent was reckless in failing to make inquiry regarding his wife's separate obligation before signing the statement, which reckless conduct could be equated with an intentional false representation, and assuming further that this alleged reckless conduct was a factual issue before the trial court, the court's findings of fact and conclusions of law do not mention it, nor is error assigned to the court's failure to so find. Without a statement of facts, there is no record before us which establishes that such a factual issue was presented to the trial court. Accordingly, we cannot review this contention.

In *Seattle v. Shields*, 60 Wn.2d 859, 862, 376 P.2d 535 (1962), we said:

It has long been held that a question not raised in the trial court will not be considered on appeal. *State v. Long*, 58 Wn. (2d) 830, 365 P. (2d) 31 (1961); *Kane v. Smith*, 56 Wn. (2d) 799, 355 P. (2d) 827 (1960). Since defendant

has not provided us with a statement of facts, there is no showing that these questions were presented to the trial court. Accordingly, we cannot consider them.

The judgment is affirmed.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.

---

June 25, 1965. Petition for rehearing denied.