[No. 38366.    Department One.    January 19, 1967.]

CHURCH AT SEATTLE, *Respondent,* v. A. C. HENDRIX *et al.,*
*Appellants,* DANIEL STURGEON *et al., Respondents.**

*Kelley & O'Sullivan,* by *Thomas D. Kelley* and *William
A. Noble,* for appellants.

*Jordan, Adair & Kasperson,* for respondents.

HILL, J.—Two groups have been striving for the control
of a small nondenominational church and its property since
the death of its founder and first pastor. No good purpose
would be served by detailing their differences, and we shall
refer to the groups simply as appellants and respondents.

█    There is no dispute as to the applicable law. It is
conceded that the general rule of law applicable to a
church, congregational and nondenominational in its organ-
ization, is that the majority controls the policies and its

*Reported in 422 P.2d 483.

property. *Elston v. Wilborn,* 208 Ark. 377, 186 S.W.2d 662, 158 A.L.R. 179 (1945).

The trial court found that the respondents were the majority group.

Appellants, while not conceding that they are the minority group, urge that there is a well recognized exception to the "majority control" rule, *i.e.,* that an "unfaithful" majority cannot utilize the church property for the promotion of doctrines fundamentally or radically different and contrary to the doctrines and beliefs upon which the church was originally established.

The trial court found that the respondents are not an "unfaithful" majority and that "there has been no change in the basic doctrines, dogma or teachings preached and favored by the Church" since its inception.

Appellants urge that we have recognized another exception to the "majority control" rule, *i.e.,* that the minority's property interest will be protected against a majority who seeks to divert the property to its own uses by chicanery, deceit, or fraud. See *Hendryx v. People's United Church of Spokane,* 42 Wash. 336, 84 Pac. 1123 (1906).

The trial court found no chicanery, fraud, or deceit to have been practiced by the majority, and specifically found that the appellants had proceeded on the "incorrect assumption" that there had been a conspiracy by certain individuals "to fraudulently acquire the church property."

The appellants also urge that prior to the trial a superior court judge, other than the trial judge, had erred in granting a summary judgment, holding that all of the proceedings which took place at three trustee meetings held in December, 1962, were invalid because the purported election of two of the trustees was improper and unauthorized.

■ Passing the question of whether appellants should have appealed from the summary judgment immediately following its entry, it conclusively appears that the same order would have been entered at the conclusion of the trial and that the appellants have therefore not been preju-

304

diced. *Clausing v. Kassner,* 60 Wn.2d 12, 371 P.2d 633 (1962).

This is a purely factual appeal. The trial court found that the respondents were a faithful majority and that the appellants had proved no fraud. Based on these findings, judgment was entered for the respondents. The trial court's affirmative findings were based on substantial evidence. We are in accord with its finding that fraud was not established. See *Household Finance Corp., of Seattle v. Williams,* 66 Wn.2d 183, 401 P.2d 876 (1965); *Dimoff v. Ernie Majer, Inc.,* 55 Wn.2d 385, 347 P.2d 1056 (1960); *Loehr v. Manning,* 44 Wn.2d 908, 272 P.2d 133 (1954).

The judgment is affirmed.

ROSELLINI, OTT, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.