IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JDB CONSTRUCTION CORP., d/b/a, JOHNSON DESIGN HOMES, a Washington corporation, | ) ) ) ) | No. 76705-4-I |
| Respondents, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| HAI LIANG ZHANG and LI PING WU, individually and on behalf of their marital community, | ) ) ) ) ) | |
| Appellants. | ) ) | |
| HAI LIANG ZHANG and LI PING WU, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| JOHNSON CHEN and GRACE WANG, and their marital community; and JDB CONSTRUCTION CORP., d/b/a JOHNSON DESIGN HOMES, | ) ) ) ) ) | |
| Respondents, | ) ) | |
| JDB CONSTRUCTION CORP., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| WOODSIDE BUILDERS, INC., | ) ) | |
| Third-Party Defendant. | ) ) | FILED: April 8, 2019 |

HAZELRIGG-HERNANDEZ, J. — Hai Liang Zhang and Li Ping Wu alleged that Johnson Chen, owner of JDB Construction Corp., made misrepresentations that fraudulently induced them to contract. Zhang and Wu seek reversal, arguing that the trial court erred in dismissing two of their claims and in excluding evidence of three of Chen's alleged statements. Because the Zhang and Wu have not demonstrated a genuine question of material facts as to the elements of the fraudulent inducement or negligent misrepresentation claims and the court did not abuse its discretion in excluding evidence, we affirm.

## FACTS

In 2013, Hai Liang Zhang and Li Ping Wu (collectively, the Zhangs) moved their family to Bellevue, Washington from Richmond, British Columbia. At that time, Zhang owned a pawn business in China. In the preceding ten or more years, Zhang had owned and sold three to four other businesses in China, including two construction manufacturing businesses and a heating business. Before that, Zhang worked for the Chinese government overseeing certification of construction projects for nearly 10 years ending in 2003. The Zhangs had lived in Canada since 2007. When they moved to Bellevue, they began searching for a home builder to build them a large, single-family residence. The Zhangs found JDB Construction Corp. with the assistance of a family friend, Bin Li, who is a licensed contractor in Richmond, British Columbia.

JDB Construction Corp., doing business as Johnson Design Homes, is a luxury design-and-build company owned by Johnson Chen and his wife, Grace Wang. The Zhangs had a number of meetings with Chen in November and

December 2013 to see samples of Chen's work, including Chen's own home. The Zhangs are not able to speak, read, or write in English. They decided to hire JDB in part because Chen speaks Chinese.

On December 15, 2013, after dinner at Chen's house, the Zhangs signed a contract with JDB to design their home. Zhang asserts that Chen would not give them the contract beforehand because he said his contracts were trade secrets. The design contract was written in English. Zhang testified that, when he asked for the contract in Chinese, Chen laughed and said, "[T]his is America." The design contract specified a nonrefundable fee of $50,000, of which $40,000 would be credited to the cost of construction if the Zhangs hired JDB to construct the house. Zhang testified that he believed the cost of the design work to be $10,000 and did not know that the full $50,000 was nonrefundable if he did not hire JDB to construct the house. Chen stated that the Zhangs provided payment of $50,000 to JDB shortly after signing the design contract.

On July 10, 2014, again after dinner at Chen's house, the Zhangs signed a contract with JDB to construct the main floor and second floor of the home. Zhang stated that he did not know they were going to sign any contracts that day. Typically, JDB builds luxury homes at one of three price levels: $250 per square foot, $300 per square foot, or $350 per square foot. However, the Zhangs negotiated a base price of $180 per square foot. The same day, the parties signed an addendum for construction of the basement and various upgrades that were not covered by the base price. Zhang stated that he specifically and repeatedly asked Chen whether the contracts contained the same terms that they had

3

discussed orally and Chen assured him that they did. Both the construction contract and the addendum were written in English. Chen testified that JDB does not offer its contracts in any language other than English. The Zhangs were given a copy of the contract they had signed. The main construction agreement contained a 15-day grace period before any payment was due and the Zhangs waited the full 15 days before providing the initial payment to JDB.

JDB began construction on the house in July 2014. When the relationship between the parties deteriorated, Zhang requested that JDB suspend work on the house. JDB suspended all work on the partially-completed home on February 14, 2015.

On June 24, 2015, JDB Construction filed suit against the Zhangs alleging breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, conversion, and foreclosure of lien. Five days later, the Zhangs filed suit against Chen, his wife Grace Wang, and JDB (collectively, JDB), alleging violations of the Consumer Protection Act[1] (CPA), or, in the alternative, misrepresentation, fraud, promissory estoppel, negligence, breach of contract, conversion, and tort of outrage. The two cases were consolidated pursuant to a stipulation of the parties.

On September 30, 2016, JDB filed a motion for summary judgment seeking dismissal of the Zhangs' claims of fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, breach of alleged oral contract, conversion, all claims against Chen and Wang in their personal capacities, and the

---

[1] Chapter 19.86 RCW.

CPA claim. The motion was granted for the fraudulent concealment and fraud in the execution claims. The motion was also granted as to claims of fraudulent inducement based on the following alleged misrepresentations by Chen: that Chen would not cheat them like other contractors, that Chen could not provide his contracts in Chinese, that Chen could not provide his contracts in advance because they were trade secrets, and that the English contracts contained all of the terms to which the parties had orally agreed. However, the motion was denied as to the claims of fraudulent inducement based on the alleged misrepresentations that Chen was an architect and engineer, was knowledgeable about construction law, and could construct a house with the quality of a $250 per square foot house for $180 per square foot. The negligent misrepresentation claim was granted in part and denied in part consistent with the court's rulings on the fraudulent inducement claims.

The following claims made by the Zhangs remained for trial: (1) conversion, as to any claim that Chen removed construction materials from the Zhangs property after they had paid for them; (2) fraudulent inducement or, in the alternative, negligent misrepresentation based on the alleged representations that Chen was an architect or engineer, that Chen was knowledgeable about construction law, and that Chen could construct a house with the quality of a $250 per square foot house for a price of $180 per square foot; and (3) breach of contract.

Before trial, JDB filed a motion in limine asking the trial court to exclude testimony at trial that was relevant only to the dismissed claims. The court heard

oral argument on the motion in limine on February 7, 2017 and granted the motion in part as to, among other things, any evidence that Chen could not provide his contracts to the Zhangs in Chinese and any evidence that Chen would not provide his contracts for review before signing because they were trade secrets. The court ruled that this evidence was precluded under two evidentiary rules. First, it was precluded by ER 402 because it was not relevant to the Zhangs' remaining claims and defenses. Additionally, it was precluded by ER 403 because it would be a waste of time; it was likely to cause undue delay, unfair prejudice, and confusion of the issues; and any probative value was outweighed by the danger of unfair prejudice.

The trial court rejected the Zhangs' attempts to present evidence of Chen's refusals to provide them with a Chinese translation of the contracts or to allow them an opportunity to have them translated before signing. The trial judge excluded this evidence pursuant to the pretrial ruling. The trial judge also excluded testimony that Chen told the Zhangs immediately after signing the construction contract and addendum that they were stuck with the contracts and could not do anything to change them.

The jury returned a verdict in favor of JDB and awarded it damages of $240,000. The jury rejected the Zhangs' breach of contract claim, finding that JBD did not breach the contract and did not overcharge the Zhangs for the work performed prior to termination of the contract. The jury also rejected all of the construction defects that the Zhangs alleged. The jury found that the Zhangs had

failed to prove any of their claims of fraudulent inducement and negligent misrepresentation. The Zhangs timely appealed.

ANALYSIS

The Zhangs assign error to the trial court's dismissal on summary judgment of two claims of fraudulent inducement or, in the alternative, negligent misrepresentation and to the exclusion of evidence of Chen's alleged statements. Because the Zhangs have not shown reasonable reliance on the alleged statements or abuse of discretion in excluding evidence, we affirm.

I. Summary Judgment

We review summary judgment orders de novo, "considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Id. When the nonmoving party is the plaintiff and it has failed to make a factual showing sufficient to establish an element essential to a claim, summary judgment is warranted. Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "Any doubts as to the existence of a genuine issue of material fact [are] resolved against the moving party." Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

The Zhangs assign error to the trial court's dismissal of "two of their claims of fraud in the inducement of contract and negligent misrepresentation on summary judgment." But they do not identify which two other than saying claims

7

of fraud or negligent misrepresentation "based on the fact that Chen had refused to give them a copy of the contract in Chinese, or on the fact that Chen had refused to give them any opportunity to read the contract before they signed it." Any claims regarding Chen's alleged representations about the contents of the English contracts and the parties being "stuck" with the contracts are not at issue here.

A.  Fraudulent Inducement

In order to make out a claim for fraud, a plaintiff must show proof of all nine essential elements of the claim:

> (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of the falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage.

Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 166, 273 P.3d 965 (2012). Each element must be proven by clear, cogent, and convincing evidence. Id. A claim of fraud fails in the absence of any one of the nine elements. Frontier Bank v. Bingo Invs., LLC, 191 Wn. App. 43, 59, 361 P.3d 230 (2015).

The Zhangs allege that the statements by Chen that (1) in America it was not possible to have a contract written in Chinese and (2) he could not give them the contracts to review in advance because the documents were trade secrets amounted to fraudulent misrepresentations. However, the Zhangs have not presented sufficient factual support that they reasonably relied on the truth of these representations when deciding whether to sign the contracts. Therefore, summary judgment was appropriate.

To defeat summary judgment, the Zhangs first must make a sufficient factual showing that they actually relied on the truth of Chen's statement when deciding whether to enter into the contracts. The Zhangs argue that they have shown actual reliance on Chen's statement that he could not provide the contracts in Chinese with Zhang's assertion that he and Wu never would have signed the contracts "[h]ad [they] known the contracts did not contain all of what [they] agreed to." However, this statement is not directly applicable to Chen's representation about providing the contracts in Chinese. As explained above, Chen's statements regarding the contents of the English contracts are not at issue in this appeal. The Zhangs do not point to any other evidence showing that they relied on Chen's assertion that he could not provide the contracts in Chinese other than the statement that they believed the representation. Similarly, the Zhangs have not made a showing that Chen's statement that he could not provide the contracts beforehand induced them to sign the contracts. Any reliance on Chen's allegedly false statements regarding the contents of the contracts is not at issue here.

Reliance on a fraudulent misrepresentation must be reasonable under the circumstances. Williams v. Joslin, 65 Wn.2d 696, 698, 399 P.2d 308 (1965). Whether reliance is reasonable is normally a question of fact, but "where the court finds that no rational person could find the plaintiff reasonably relied on the defendant's representation, the trial court can decide that question as a matter of law." Hawkins v. Empres Healthcare Mgmt., 193 Wn. App. 84, 100, 371 P.3d 84 (2016). Even if the Zhangs did actually rely on Chen's statements when deciding

to sign the contract, they must also show that their reliance on those assertions was reasonable under the circumstances.

The Zhangs argue that their reliance on the truth of Chen's statements was reasonable because of the personal relationship that they had built up with Chen over the preceding months. Even if this is true, it does not necessarily follow that Chen's inability to provide them with contracts that they could read would reasonably induce them to sign contracts that they could not read. Inability to provide readable contracts seems unlikely to make a reasonable person more inclined to sign a contract that they could not read. Likewise, the Zhangs have not shown that any reliance on the statement that Chen could not provide the contracts in advance was reasonable. Much like the first claim, inability to provide contracts for review before signing would not make a reasonable person more likely to sign the contracts.

The Zhangs rely heavily on Gaines v. Jordan, 64 Wn.2d 661, 393 P.2d 629 (1964), and Bjorklund v. Seattle Electric Co., 35 Wash. 439, 77 P. 727 (1904), for the proposition that a contract is voidable when one party makes false representations about the contents of the contract to a party who cannot read the contract and the illiterate party reasonably relies on those representations when deciding whether to sign the contract. However, as previously discussed, neither of the dismissed claims to which the Zhangs have assigned error concern representations about the contents of the contracts.

The Zhangs have not established a genuine issue of material fact as to all nine elements of fraud with respect to Chen's statements (1) that he could not

provide the contracts in Chinese and (2) that his contracts were trade secrets and he could not provide them for review in advance of signing. The trial court did not err in dismissing these claims.

B. Negligent Misrepresentation

The Appellants allege that the trial court also erred in dismissing the negligent misrepresentation claims based upon the same alleged misrepresentations as the fraudulent inducement claims above. In response to JDB's motion for summary judgment, the Zhangs argued that the alternative claims of negligent misrepresentation were available in the event that Chen's alleged false statements were made negligently rather than intentionally. Because the claims of negligent misrepresentation were framed as alternative claims, the Zhangs did not rely on any additional evidence.

To make a claim for negligent misrepresentation, a plaintiff must show proof of the six elements of the claim by clear, cogent, and convincing evidence. Lawyers Title Ins. Corp. v. Baik, 147 Wn.2d 536, 545, 55 P.3d 619 (2002). The plaintiff must prove that: (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in business transactions, (3) the defendant was negligent in obtaining or communicating the false information to the plaintiff, (4) the plaintiff relied on the false information supplied by the defendant, (5) the plaintiff's reliance on the false information was justified (that is, it was reasonable under the surrounding circumstances), and (6) the false information was the proximate cause of the damages to the plaintiff. Id.

These elements mirror many of the required elements of fraud in the inducement and the last three elements of each claim are virtually identical. Id.; Elcon Constr., 174 Wn.2d at 166, 273 P.3d 965.

As discussed above, the Zhangs have not demonstrated actual reliance or the right to rely for either of the two alleged misrepresentations. Therefore, the Zhangs have not established a genuine issue of material fact as to the six elements of negligent misrepresentation with respect to Chen's statements (1) that he could not provide the contracts in Chinese and (2) that his contracts were trade secrets and he could not provide them for review in advance of signing. The trial court did not err in dismissing these claims.

II.      Exclusion of Evidence

The Zhangs contend that the trial court erred in excluding testimony at trial that (1) Chen refused to give the Zhangs copies of the contracts before signing them, (2) Chen refused to translate the contracts into Chinese stating that it was not possible in America, and (3) Chen told the Zhangs that they were stuck with the contract after they signed it. As stated above, the Zhangs' claims at trial included breach of contract and fraudulent inducement or, in the alternative, negligent misrepresentation based the alleged representations that Chen was an architect or engineer, that Chen was knowledgeable about construction law, and that Chen could construct a house with the quality of a $250 per square foot house for a price of $180 per square foot.

Evidence which does not have a tendency to make a material fact more or less probable is not admissible. ER 401, 402. The admission or exclusion of

evidence is largely within the sound discretion of the trial court. Maehren v. City of Seattle, 92 Wn.2d 480, 488, 599 P.2d 1255 (1979). The trial court's decision to admit or exclude evidence is entitled to great deference and should be overturned only for manifest abuse of discretion. State v. Pavlik, 165 Wash. App. 645, 650, 268 P.3d 986 (2011). A court abuses its discretion only when no reasonable person would take the view adopted by the trial judge. State v. Castellanos, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997). Failure to exercise discretion is an abuse of discretion. Bowcutt v. Delta North Star Corp., 95 Wn. App. 311, 320, 976 P.2d 643 (1999).

The Zhangs first argue that the trial court failed to exercise any discretion in excluding evidence regarding Chen's alleged representations that he could not give the Zhangs the contracts before signing and that he could not provide the contracts in Chinese. The Zhangs assert that the trial judge mistakenly believed that the judge who had dismissed the corresponding fraudulent inducement claims on summary judgment had also determined that this evidence was inadmissible. This argument is not supported by the record. During oral argument on JDB's motion in limine, the trial court acknowledged that statements by a party-opponent are generally admissible unless they are not relevant. It clarified that any statements proposed as evidence had to be relevant to the breach of contract claim or one of the three remaining fraud or negligent representation claims. The court then walked through the pieces of evidence that JDB proposed for exclusion in their written motion and asked the Zhangs how these pieces of evidence were relevant to the remaining claims. Indeed, the court found that some of Chen's

alleged statements were still relevant even though the claims of fraudulent inducement based on those statements had been dismissed. By engaging in this analysis on the record, the trial court showed that it exercised discretion when excluding specific evidence and did not simply defer to the summary judgment ruling.

The Zhangs then argue that, if the trial court exercised discretion, it abused its discretion because the excluded evidence should have been admitted. In their response to the motion in limine, the Zhangs argued that the statement that Chen could not provide the contracts in Chinese was "[r]elevant to [the] context of contract formation, Chen's intent and plan to defraud Zhang/Wu, Chen's cultivation of their relationship, Zhang/Wu's reliance on JDB's fraudulent and negligent misrepresentations, and . . . provide the context of why Zhang/Wu acted the way they did throughout the contract performance." They also contended that this statement was relevant to their defense of JDB's breach of contract claim, causation, and damages.

This statement does not appear to be relevant to any of the remaining fraudulent inducement claims based on Chen's alleged representations that he was an architect or engineer, that he was knowledgeable about construction law, or that he could construct a house with $250-per-square-foot quality for a cost of $180 per square foot. The statement also does not make any fact material to the breach of contract claim or defense more or less probable, as the Zhangs' defense to JDB's breach of contract claim seems to mirror their affirmative fraud claims. Accordingly, the trial court did not abuse its discretion in excluding this evidence.

14

Regarding the statement that Chen would not provide his contracts for review beforehand because they were trade secrets, the trial court was explicit in its assessment that it was "not relevant to anything." It stated specifically that this statement did not relate to the breach of contract, negligent misrepresentation, conversion, or remaining fraudulent inducement claims. The Zhangs argued in their written response to the motion in limine that this statement was relevant for the same reasons as the previous statement, as well as to rebut Chen and Wang's testimony that the Zhangs were shown the contracts for review beforehand. The trial court considered this written response as well as the oral argument before ruling that the statements were not relevant to the remaining claims.

When Zhang testified at trial, the judge sustained objections to the following questions: "Were you given any contract beforehand to review or to have somebody review for you?," "Did you ask them to let you take the contracts home to read or have somebody review?," and "Did Mr. Johnson Chen tell you that you have to sign it before you can take it home?" The judge made clear that this testimony was being excluded pursuant to the motions in limine. Outside the presence of the jury, the Zhangs expressed concern about the application of the motion in limine, arguing that the objections had curtailed their ability to rebut testimony that they were given copies of the contracts in advance. In fact, JDB had not elicited any direct testimony from Chen or Wang that the Zhangs were given the contracts in advance. The Zhangs had elicited this testimony from Chen and Wang on cross-examination. The judge clarified her grounds for excluding the evidence:

> [Y]ou're really trying to pursue a case that your clients--it's more along the line of a breach of contract, that they should be able to walk away from the contract because it was unclear, it was vague, and more importantly, they didn't understand it, they didn't speak the language, and they didn't have an opportunity to review it or take it home. In effect, that they were kind of hoodwinked. That's what you've portrayed here. But that's not a breach of contract claim, and that already went before Judge Andrus, so that's why I am curtailing your ability to admit this evidence.

We agree that this evidence was not relevant to any of the remaining fraudulent inducement claims, the breach of contract claim or defense, or the conversion claim. The trial court did not abuse its discretion in excluding this evidence.

The Zhangs argue that the trial court abused its discretion by excluding testimony that Chen told Zhang and Wu that they were "stuck" with the contract immediately after signing it because "that's how the law works." The court first heard this piece of evidence when the Zhangs made an offer of proof regarding objections to questions about reviewing the contracts. The court noted that it had not heard this statement before and it was not included in its rulings on the motions in limine. Wu subsequently testified that "after we signed the contract, Johnson [Chen] joked that, 'You know, after you sign the contract, its words on the paper. There's—it is—you cannot change the contract anymore.'" JDB objected to this testimony and the jury was instructed to disregard the statement. The court did not state the basis for the exclusion of this evidence. The Zhangs contend that this statement was relevant to their claim at trial of fraudulent inducement based on Chen's alleged representation that he was knowledgeable about construction law. This statement does not make any material fact relating to that claim more or less probable and the trial court did not abuse its discretion in excluding it.

16

III.    Attorney Fees

JDB argues that this appeal is frivolous and requests an award of attorney fees and costs pursuant to RAP 18.9(a).  An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and it is so lacking in merit that there was no reasonable possibility of reversal. In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).  Any doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. Pub. Emps. Mut. Ins. Co. v. Rash, 48 Wn. App. 701, 706, 740 P.2d 370 (1987).  Although the Zhangs have not adequately proven their claims, this high standard of frivolity has not been met here.  JDB's request for attorney fees and costs is denied.

Affirmed.

WE CONCUR: